IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRK DOUGLAS WILLIAMS, | ) | No. C 12-4707 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTIONS TO SUPPLEMENT COMPLAINT, FOR EXTENSION OF TIME, TO COMPEL AND TO CORRESPOND; DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS AND FOR SUMMARY JUDGMENT; GRANTING LEAVE TO FILE AMENDED COMPLAINT; SCHEDULING DISPOSITIVE MOTION BRIEFING** |
| v. | ) | |
| K. TILLEY, | ) | |
| Defendant. | ) | |
| | ) | (Docket Nos. 13, 14, 21, 22, 25) |
| _____ | ) | |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint in state court alleging that Defendant, an employee of Salinas Valley State Prison, violated Plaintiff's constitutional rights. Defendant removed the case to this court. The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and found that, when liberally construed, it stated cognizable claims for violating his Eighth Amendment rights by denying him a meal, for violating his First Amendment rights by retaliating against him for filing administrative appeals, and for violating his constitutional right to access the courts by denying him administrative appeals forms.

1         Plaintiff has filed a motion to "supplement" his complaint with additional
2   allegations against Defendant.  The motion is DENIED because it would result in
3   piecemeal complaints in which his claims are spread over multiple documents.  Plaintiff
4   may add his new claims to this action by including them in an amended complaint,
5   however.  Plaintiff is therefore granted leave to file an amended complaint on or before
6   **May 14, 2013**.  The amended complaint must include the caption and civil case number
7   used in this order (No. C 12-4707 JSW (PR)) and the words "COURT-ORDERED
8   FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint
9   completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262
10  (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by
11  reference.  Rather, he must include all of the claims and allegations, including those from
12  the original complaint, that he wishes to pursue.  Any claims not included in the amended
13  complaint will no longer be part of this case.  <u>If Plaintiff does not file an amended
14  complaint within the designated time and in accordance with this order, Plaintiff will not
15  be allowed another opportunity to amend, the case will proceed solely on the basis of the
16  cognizable claims in the original complaint, and he will not be given an opportunity to
17  pursue the claims in the motion to supplement the case</u>.
18        Defendant has filed a motion to dismiss or in the alternative for summary
19  judgment.  In the motion, Defendant argues in part that Plaintiff's claim that he was
20  denied a single meal does not state a cognizable Eighth Amendment violation because
21  the harm alleged is de minimis. Defendant is correct.  *See, e.g.*, *Hudson v. McMillian*,
22  503 U.S. 1, 8-10 (1992) (8th Amendment excludes from constitutional recognition de
23  minimis uses of force); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).
24  Accordingly, the claim is DISMISSED from the original complaint, and it will be
25  dismissed from any amended complaint he files in accordance with the foregoing
26  paragraph.  As Plaintiff has been granted leave to file an amended complaint,
27  Defendant's motion is otherwise DENIED without prejudice to refiling on or before **July
28  14, 2013**. Plaintiff's opposition, if any, will be due within **28 days** of the date any such

motion is filed, and Defendant shall file a reply brief within **14 days** of the date any opposition is filed. The provisions and warnings included in the prior scheduling order of October 25, 2012, remain in effect except as modified herein. In light of the foregoing, Plaintiff's motion to extend time to file an opposition to Defendant's motion is DENIED as unnecessary.

Plaintiff has filed a motion for permission to correspond with an inmate, Enrique Nava, whom he alleges was a witness to events giving rise to his claims but who is housed in a different prison. Plaintiff seeks non-confidential correspondence from Mr. Nava that is limited to the claims in this case. Defendant opposes the motion on the grounds that 15 Cal. Code Regs. § 3139 provides a procedure for Plaintiff to obtain permission for such correspondence from prison officials, but Plaintiff has not attempted to do so. In light of that procedure, Plaintiff's motion is DENIED at this time. Defendant shall forthwith inform Plaintiff how to follow the procedure outlined in the regulations in order to seek and obtain a non-confidential declaration from Mr. Nava about this case. If Plaintiff follows this procedure, prison officials shall allow Plaintiff to obtain such a declaration if Mr. Nava is willing to provide one.

Plaintiff's motion to compel is DENIED because he has not certified that he has met and conferred with Defendant in good faith, or attempted to do so, to resolve his discovery disputes before seeking the Court's intervention, as required by Federal Rule of Civil Procedure 37(a).

IT IS SO ORDERED.

DATED: April 15, 2013

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS,

        Plaintiff,

  v.

TILLEY et al,

        Defendant.

Case Number: CV12-04707 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kirk Douglas Williams F-44523
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: April 15, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk