

FILED
JUL 12 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KIRK DOUGLAS WILLIAMS, | ) No. C 12-4707 JSW (PR) |
|---|---|
| Plaintiff, | ) **ORDER ON PENDING MOTIONS; EXTENDING TIME; DIRECTING DEFENDANT TO SHOW CAUSE** |
| v. | ) |
| K. TILLEY, | ) |
| Defendant. | ) (Docket Nos. 31, 32, 33, 36, 37, 42) |

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint alleging that Defendant, an employee of Salinas Valley State Prison, violated Plaintiff's constitutional rights. Plaintiff was granted leave to file an amended complaint on or before June 14, 2013. Now before the Court are a number of motions filed by Plaintiff.

    Plaintiff has filed a "renewed" motion to permit him to correspond with another inmate, or in the alternative for "appointment" of an attorney or an investigator. The Court has previously ordered Defendant to inform Plaintiff how to follow prison procedures for obtaining a non-confidential declaration from another, and to allow Plaintiff to obtain such a declaration if he does so. (Dkt. 26.) Plaintiff has shown that he has followed the applicable procedures but prison officials have denied him permission to obtain the declaration. Defendant has not responded to Plaintiff's motion or explained why permission was denied. Within **14 days** of the date this order is filed, Defendant

**shall** show that he has complied with the Court's order (dkt. 26) and **shall** show cause why he should not be ordered to permit Plaintiff to obtain a non-confidential declaration from the other inmate.

Plaintiff has filed two motions to "compel" defense counsel to meet and confer with him about discovery requests.[1] (Dkt. 32 & 33.) Defendant has shown that he has since written to Plaintiff addressing his discovery requests and other matters. Accordingly, the motion is DENIED as moot. The Court notes that Defendant is incorrect that there is no operative complaint. Although Plaintiff has been granted leave to file an amended complaint, until such time as he does so, the original complaint remains the operative complaint. Nonetheless, Defendant need not respond to discovery requests until after Plaintiff files the first amended complaint or the deadline for doing so passes, whichever comes first. Plaintiff's motion to "appoint" counsel or an investigator is DENIED as unnecessary.

Plaintiff has filed a motion to have access to auxiliary aids for magnifying print. (Dkt. 36). These aids are available to certain prisoners but not to Plaintiff, who is in administrative segregation. While it is readily apparent that Plaintiff needs to be able to read in order to litigate this case effectively, his profuse filings, including the original complaint and subsequent proposed supplements, demonstrate that he has been more than able to pursue his claims adequately without the requested aids. The motion is DENIED.

Plaintiff's motion for an extension of time, to and including **August 15, 2013**, in which to file his first amended complaint is GRANTED. (Dkt. 37, 42). The amended complaint must include the caption and civil case number used in this order (No. C 12-4707 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992),

---

[1] These motions appear to be two copies of the same motion.

1 | Plaintiff may not incorporate material from the original complaint by reference. Rather,
2 | he must include all of the claims and allegations, including those from the original
3 | complaint, that he wishes to pursue. Any claims not included in the amended complaint
4 | will no longer be part of this case. <u>If Plaintiff does not file an amended complaint within
5 | the designated time and in accordance with this order, Plaintiff will not be allowed
6 | another opportunity to amend, the case will proceed solely on the basis of the cognizable
7 | claims in the original complaint, and he will not be given an opportunity to pursue the
8 | claims in the motion to supplement the case.</u>

No further extensions of time will be granted.

The deadlines for dispositive motions are VACATED and will be re-set after Plaintiff files an amended complaint or the first

This order terminates docket numbers 31, 32, 33, 36, 37, and 42.

IT IS SO ORDERED.

DATED: JUL 1 2 2013

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAMS,

        Plaintiff,

v.

TILLEY et al,

        Defendant.

Case Number: CV12-04707 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kirk Douglas Williams F-44523
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: July 15, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk